# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. WALKER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:17cv189 CWR-LRA |
| ) | |
| CR INDUSTRIES NITROGEN, LLC, ) | |
| LABORATORY CORPORATION OF ) | |
| AMERICA, MEDREVIEW LLC AND ) | |
| JOHN DOES 1-10, ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendant Laboratory Corporation of America Holdings ("LabCorp" or "Defendant"), incorrectly identified as Laboratory Corporation of America by its undersigned counsel, and pursuant to Fed. R. Civ. P. 8 and 12, answers Raymond L. Walker's ("Plaintiff") Complaint and Jury Demand, dated March 20, 2017 (the "Complaint") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. LabCorp denies the allegations contained in Paragraph 3 of the Complaint except admits that LabCorp has its principal place of business in North Carolina, does business as and is commonly known as "LabCorp," is licensed to do business within the State of Mississippi, and that the individuals identified are corporate officers of LabCorp.

4. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.  LabCorp admits that Plaintiff purports to seek in excess of $75,000 in damages, but denies that Plaintiff is entitled to any such damages and further denies the remainder of the allegations in Paragraph 6 of the Complaint on the ground that they call for a legal conclusion.

7.  LabCorp denies the allegations in Paragraph 7 of the Complaint on the ground that they call for a legal conclusion.

## FACTS

8.  LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. LabCorp admits that it analyzed a sample identified as belonging to Plaintiff, denies that Plaintiff "provided a urine specimen to the LabCorp representative who was conducting the testing for CFI," and that CFI itself had any contract with LabCorp but otherwise

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. LabCorp denies it provided Plaintiff with any instructions and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. LabCorp denies the allegations contained in Paragraph 19 of the Complaint.

20. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. LabCorp denies the allegations in Paragraph 21 of the Complaint on the ground that they call for a legal conclusions except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 21 of the Complaint.

22. LabCorp denies the allegations in Paragraph 22 of the Complaint on the ground that they call for a legal conclusions except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding CFI's policy or the truth of the allegations contained in the last sentence of Paragraph 22 of the Complaint.

23. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

# COUNT I: BREACH OF CONTRACT AND
# WRONGFUL TERMINATION BY CFI

24. LabCorp restates and re-alleges each of the responses made in Paragraphs 1 through 23 of this Answer in response to Paragraph 24 of the Complaint.

25. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. LabCorp denies the allegations in Paragraph 26 of the Complaint on the ground that they call for a legal conclusions except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding CFI's policy.

27. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning CFI's policy and denies the remainder on the allegations in Paragraph 31 of the Complaint on the ground it calls for a legal conclusions.

32. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

## COUNT II: CFI'S VIOLATIONS OF COBRA

34. LabCorp restates and re-alleges each of the responses made in Paragraphs 1 through 33 of this Answer in response to Paragraph 34 of the Complaint.

35. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

## COUNT III: NEGLIGENCE OF LABCORP AND MEDREVIEW

40. LabCorp restates and re-alleges each of the responses made in Paragraphs 1 through 39 of this Answer in response to Paragraph 40 of the Complaint.

41. LabCorp denies the allegation in Paragraph 41 of the Complaint to the extent the reference to "LabTech" is intended to refer to LabCorp and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning MedReview.

42. LabCorp denies the allegations in Paragraph 42 of the Complaint and refers the Court to the referenced statute for a full and complete statement of its content.

43. LabCorp denies the allegation in Paragraph 43 of the Complaint to the extent the reference to "LabTech" is intended to refer to LabCorp and denies knowledge or

information sufficient to form a belief as to the truth of the allegations concerning MedReview.

44. LabCorp denies the allegation in Paragraph 44 of the Complaint to the extent the reference to "LabTech" is intended to refer to LabCorp and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning MedReview.

45. LabCorp denies that it was negligent in any way and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. LabCorp denies the allegation in Paragraph 46 of the Complaint to the extent the reference to "LabTech" is intended to refer to LabCorp.

47. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

## COUNT IV:  PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

48. LabCorp restates and re-alleges each of the responses made in Paragraphs 1 through 47 of this Answer in response to Paragraph 48 of the Complaint.

49. LabCorp denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. LabCorp denies the allegation in Paragraph 50 of the Complaint to the extent the reference to "LabTech" is intended to refer to LabCorp and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning MedReview.

## DAMAGES

51. LabCorp restates and re-alleges each of the responses made in Paragraphs 1 through 50 of this Answer in response to Paragraph 51 of the Complaint.

52. LabCorp denies that Plaintiff is entitled to any of the relief he seeks in the Paragraph 52 (A)-(J) of the Complaint.

53. LabCorp denies that Plaintiff is entitled to any of the relief he seeks in the WHEREFORE clause of the Complaint.

### Affirmative Defenses

LabCorp asserts the following defenses without conceding that LabCorp bears the burden of proof as to any of them. LabCorp reserves the right to assert such additional defenses that may appear and prove applicable during the course of litigation.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because LabCorp's alleged actions or omissions were not the proximate cause of any alleged loss by Plaintiff.

### THIRD DEFENSE

Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional remedies.

### FIFTH DEFENSE

Plaintiff's alleged damages were caused in whole or in part by the culpable acts and/or omissions of others.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver, estoppel, laches, or other equitable defenses.

## SEVENTH DEFENSE

LabCorp reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of litigation.

WHEREFORE, Defendant Laboratory Corporation of America Holdings demands judgment as follows:

1. Denying the relief sought by Plaintiff in his Complaint it its entirety;

2. Awarding Defendant's attorneys' fees and costs of suit; and

3. Such other and further relief that the Court deems just and proper.

Respectfully submitted, this the 1st day of May, 2017.

> */s/ John M. Lassiter*
> John M. Lassiter (MS Bar # 102235)
> Zachary W. Branson (MS Bar # 105097)
> *Counsel for Defendant Laboratory*
> *Corporation of America Holdings*

**OF COUNSEL:**

Burr & Forman LLP
190 E. Capitol Street - Suite M-100
Jackson, Mississippi 39201
Phone: 601-709-3432
Fax: 866-443-1583
jlassiter@burr.com
zbranson@burr.com

# CERTIFICATE OF SERVICE

      I, John M. Lassiter, counsel for Defendant Laboratory Corporation of America Holdings, hereby certify that on May 1, 2017, I electronically filed the foregoing Answer with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Virginia Y. Kennedy
WATSON HEIDELBERG JONES, PLLC
P.O. Box 23546
2829 Lakeland Drive, Suite 1502
Jackson, Mississippi  39225-3546

*Attorney for Plaintiff*


T. Hunt Cole, Jr.
FORMAN WATKINS & KRUTZ, LLP
P.O. Box 22608
Jackson, Mississippi  39225

Brian Alan Mead (PHV)
DLA PIPER, LLP
444 W. Lake Street, Suite 900
Chicago, Illinois  60606

*Attorneys for Defendant CF Industries Nitrogen, LLC*


Dana Gail Dearman
CLAYTON O'DONNELL, PLLC
P.O. Box 755
Tupelo, Mississippi  38802-0755

*Attorney for Defendant Medreview LLC*


                                            */s/John M. Lassiter*
                                              John M. Lassiter